PROB 12C  
(6/16)

Report Date: December 17, 2025

## United States District Court

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2025

SEAN F. McAVOY, CLERK

for the

Eastern District of Washington

Petition for Warrant or Summons for Offender Under Supervision    ECF No. 102

| | | | |
|---|---|---|---|
| Name of Offender: | Kevin William Slatt | Case Number: | 0980 2:16CR00051-TOR-1 |
| Address of Offender: | ▮▮▮▮▮▮▮▮ Spokane, Washington 99202 | | |

Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: February 8, 2017

| | | | |
|---|---|---|---|
| Original Offense: | Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(7) | | |
| Original Sentence: | Prison - 72 months<br>TSR - Life | Type of Supervision: | Supervised Release |
| Revocation Sentence:<br>(February 13, 2025) | Prison - 8 months<br>TSR - Life | | |
| Asst. U.S. Attorney: | Earl A. Hicks | Date Supervision Commenced: | October 10, 2025 |
| Defense Attorney: | Federal Defender's Office | Date Supervision Expires: | Life |

## PETITIONING THE COURT

To issue a **warrant**.

On October 15, 2025, the offender's conditions of supervision were reviewed with him. He signed said conditions acknowledging he understood his requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 12**: You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements. |
| | **Supporting Evidence**: Mr. Slatt allegedly violated the terms of his supervised release by possessing sexually explicit conduct on his mobile phone. This officer received alerts from Mr. Slatt's computer monitoring software indicated he had highly questionable activity documented on his phone from October 15, 2025 through December 3, 2025. |

| | | |
|---|---|---|
| 2 | **Special Condition #20**: | You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Slatt allegedly violated the terms of his supervised release by consuming a controlled substance, specifically methamphetamine, on or about December 9, 2025.

On December 9, 2025, Mr. Slatt provided a random urine sample at U.S. Probation Office. The sample returned presumptive positive for methamphetamine.

Mr. Slatt signed a denial of use form, denying the use of controlled substances. The urine sample was sent to Alere Laboratory for further testing.

On December 13, 2025, Alere Laboratory confirmed Mr. Slatt's urine sample tested positive for methamphetamine.

3     **Standard Condition #4:** You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: Mr. Slatt allegedly violated the above-stated condition of supervision by being dishonest with the undersigned officer on December 9, 2025.

On December 9, 2025, Mr. Slatt was questioned about controlled substance use following the presumptive positive test results with his urine sample. Mr. Slatt advised the undersigned officer he has remained abstinent from controlled substances, signing a denial of use form.

On December 13, 2025, the undersigned officer received confirmation from Alere Laboratory that Mr. Slatt's urine sample returned positive for a controlled substance, specifically methamphetamine.

4     **Standard Condition # 4:** You must be truthful when responding to the questions asked by your probation officer.

**Supporting Evidence**: Mr. Slatt allegedly violated the above-stated condition of supervision by being dishonest with the undersigned officer on December 17, 2025.

On December 17, 2025, Mr. Slatt was asked about any unmonitored internet access. He advised this officer he has remained abstinent from personally using the internet since he threw his phone away and terminated his internet phone service on or about December 9, 2025. Moments later, this officer heard several chime sounds coming from the pocket of Mr. Slatt. He was asked several times about being in possession of an electronic device in which he repeatedly denied. Mr. Slatt was advised this officer was going to search his belongings and he eventually admitted to having a cellular phone.

Prob12C
**Re: Slatt, Kevin William**
**December 17, 2025**
**Page 3**

| | |
|---|---|
| 5 | **Special Condition #7**: To ensure compliance with the computer monitoring conditions, you must allow the probation officer to conduct initial and periodic unannounced searches of any computer (as defined in 18 U.S.C § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. |
| | **Supporting Evidence**: Mr. Slatt allegedly violated the above-stated condition of supervision by possessing a cellular phone that did not have active computer monitoring software. On December 17, 2025, the undersigned officer reviewed the computer monitoring account that had previously been installed on his device and noted it had no longer been monitoring activity since December 3, 2025. |
| 6 | **Special Condition #19**: You must not possess and/or use computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C § 2257(h)(1)) involving adults. |
| | **Supporting Evidence**: Mr. Slatt allegedly violated the above-stated condition of supervision by being in possession of an electronic device that can send or receive sexually explicit conduct. On December 17, 2025, this officer conducted a search of the unmonitored cellular phone and located several nude images exchanged between Mr. Slatt and others. His device was confiscated and delivered to the secret service for further investigation. |

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    12/17/2025

s/Mark E. Hedge

Mark E. Hedge
U.S. Probation Officer

Prob12C
**Re: Slatt, Kevin William**
**December 17, 2025**
**Page 4**

THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

*Thomas O. Rice*
Signature of Judicial Officer

December 18, 2025
Date